Stip does not directly affect confirmed plan

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ronald Brown aka Ronald J. Brown fdba Estate of Lois Stewart<br>　　　　　　　Debtor | CHAPTER 13 |
| Wells Fargo Bank, National Association, successor by merger to Wells Fargo Bank Minnesota, National Association, as Trustee, f/k/a Norwest Bank Minnesota, National Association, as Trustee for SACO I Inc. Mortgage Pass-Through Certificates, Series 1999-2<br>　　　　　　　Movant<br>　　　vs.<br>Ronald Brown aka Ronald J. Brown fdba Estate of Lois Stewart<br>　　　　　　　Debto<br>William C. Miller, Esquire<br>　　　　　　　Trustee | NO. 16-12964 ELF<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition advances on the mortgage held by the Movant on the Debtor's residence is **$6,285.45,** which breaks down as follows;

| | |
|---|---|
| Homeowners Insurance 6/30/2016: | $518.00 |
| City/School Tax 2/3/2017: | $1,367.78 |
| Homeowners Insurance 6/30/2017: | $548.00 |
| City/School Tax 2/7/2018: | $1,367.78 |
| Homeowners Insurance 6/30/2018: | $495.00 |
| City/School Tax 2/6/2019: | $1,493.89 |
| Homeowners Insurance 7/1/2019: | $495.00 |

**Total Post-Petition Advances:    $6,285.45**

2. Both parties agree that this loan is de-escrowed as of the date of this Order.

3. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on October 1, 2019 and continuing through March 1, 2021, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$444.31** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of

**$349.20 from October 2019 to February 2021 and $349.05 for March 2021** towards the arrearages on or before the last day of each month at the address below;

CHASE
P.O. BOX 78420
PHOENIX, AZ 85062-8420

      b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

4.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10.    The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 5, 2019                         By: /s/ Kevin G. McDonald, Esquire
                                                  Attorney for Movant


Date: 9/20/19                                     _____
                                                  John L. McClain, Esquire
                                                  Attorney for Debtor


Date: 9/20/19                                     _____
                                                  John L. McClain, Esquire
                                                  Attorney for Debtor


Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.


                                                  _____
                                                  Bankruptcy Judge
                                                  Eric L. Frank


Date: 9/27/19                                     LeRoy Etheridge /v/
                                                  _____
                                                  William C. Miller, Esquire         NO OBJECTION
                                                  Chapter 13 Trsustee                *without prejudice to any
                                                                                     trustee rights and remedies.